UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

HUMPHRIES KELLEY, et al.,        ]
                                 ]
   Plaintiffs,                   ]
                                 ]
   vs.                           ] CV-04-CO-00603-W
                                 ]
CITY OF TUSCALOOSA, et al.,      ]
                                 ]
   Defendants.                   ]

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration counter-defendant/cross-claimant American Contractor Indemnity Company's ("ACIC") Motion for Summary Judgment, which was filed on August 15, 2006. (Doc. 150.) The plaintiffs in this case filed their complaint on March 23, 2004, asserting claims based upon breach of contract, violations of the Equal Protection Clause of the Fourteenth Amendment, and discrimination under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. (Doc. 1.) On August 27, 2004, defendant City of Tuscaloosa ("the City") filed its answer to the plaintiffs' complaint along with counterclaims against Kelley Contracting, Inc. ("KCI") and ACIC,

against which it contemporaneously filed a motion to add as a third party to this case so that it may seek to enforce ACIC's obligations under the performance bond that it issued to KCI. (Doc. 44.) ACIC answered the City's counterclaims, as well as filed its own counterclaim against the City and cross-claim against KCI and Humphries Kelley for indemnification and breach of contract. (Doc. 59.) ACIC also filed a third-party complaint for indemnification and breach of contract against Mary Ann Kelley. (Doc. 60.) ACIC filed the instant motion seeking judgment in its favor regarding all counts of its cross-claim and third-party complaint on the grounds that the record reflects that there is no genuine issue as to any material fact and that ACIC is entitled to judgment as a matter of law. The issues raised in ACIC's motion have been briefed by the parties and are now ripe for decision. Upon full consideration of the legal arguments and evidence presented, ACIC's motion is due to be GRANTED.

II. Facts.[1]

ACIC is a commercial surety in the business of insuring surety bonds, including contract surety bonds, generally assuring an obligee under a bond for a project that a named principal will complete performance of its contract for that project. On June 10, 2002, KCI, as a corporate indemnitor, and Humphries and Mary Ann Kelley, each as individual indemnitors, (hereinafter collectively referred to as the "Indemnitors") executed and delivered to ACIC a General Agreement of Indemnity ("Agreement"). Pursuant to the Agreement, the Indemnitors agreed to indemnify ACIC and hold it harmless:

> from and against any and all demands, liabilities, losses, costs, damages, attorney's fees and expenses of whatever kind or nature together with interest thereon at the maximum rate allowed by law, which have arisen by reason of, or in consequence of, the execution by the Surety of any Bond on behalf of the Principal and whether or not the Surety shall have paid any sums in partial or complete payment thereof . . . .

---

[1]The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

(Doc. 150; Exhibit 1, ¶ 8.)

The Indemnitors executed the Agreement in consideration of, and inducement for, ACIC's subsequent issuance of a Payment and Performance Bond ("Bonds") naming KCI as principal in connection with certain projects, including the Freeman Park Multi-Purpose Pool Building in Tuscaloosa, Alabama ("the Project"). In reliance upon the execution of the Agreement, ACIC executed the Bonds generally securing KCI's performance on the Project under its contract with the City, which required KCI to have such a bond in order to work on the Project.

In the Spring of 2003, various suppliers and laborers on the Project made claims against the Bonds. ACIC settled those claims for a total amount of $24,422.56. On July 28, 2003, the City declared KCI to be in default. In response, KCI filed this suit claiming *inter alia* that the City had breached its contract with KCI. In its answer, the City asserted a counter-claim against KCI alleging breach of contract, as well as a counterclaim against ACIC. In the counterclaim against ACIC, the City asserted that as KCI's surety under the Bonds, ACIC was liable to the City for KCI's alleged breach/default under the contract. After investigating the claim, ACIC

eventually settled the City's claim for $25,000. As a result of the claims that have been made against the Bonds, ACIC is seeking to recover $49,422.56 in bond payments, plus an additional $58,729.37 in attorneys' fees and expenses. (Doc. 150-3, p. 5.) ACIC has already recovered $10,000 of its losses from the Bonds from the Indemnitors.

KCI and the Kelleys do not dispute that sums are owed to ACIC for claims paid to sub-contractors and various suppliers on the performance bond. The Indemnitors agree that the sum of $24,422.56 is owed to ACIC. Because they have already paid $10,000 to ACIC, the Indemnitors agree that ACIC is owed $14,422.56 for sums paid to sub-contractors and suppliers, as well as reasonable attorneys' fees to be determined by the Court. However, the Indemnitors dispute the $58,729.37 claim for attorneys' fees, as well as their liability for the $25,000 settlement paid to the City.

III.   Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d

1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.   Discussion.

The parties do not dispute that under the Agreement, the Indemnitors are obligated to indemnify ACIC for payments, costs, and expenses, including court costs and attorneys' fees, incurred in connection with any bonds issued by ACIC as surety for KCI.  In this case, the City required KCI to have a payment and performance bond in order to work on the Project.  ACIC subsequently provided Mr. Kelley and KCI with a bond for $475,620; however, ACIC required security in order to issue a bond of such an amount, and the Indemnitors provided security by way of the Indemnity Agreement.  The Agreement was part of the consideration for the issuance of the Bonds and protects ACIC against claims made, as well as against liability and loss.  The Indemnitors agreed to the following:

> [T]o indemnify and hold the Surety harmless from and against any and all demands, liabilities, losses, costs, damages, attorney's fees and expenses of whatever kind or nature together with interest thereon at a maximum rate allowed by law, which arise by reason of, or in consequence of, the execution by the Surety of a Bond on behalf of the Principal and whether or not the Surety shall

> have paid any sums in partial or complete payment thereof, including but not limited to:
>
> 2.1   Sums paid including interest thereon at the maximum rate allowed by law, or liabilities incurrred in the settlement or the adjustment of any and all claims, demands, damages, costs, losses, suits, proceedings, or judgments;
> 2.2   Expenses paid or incurred in connection with claims, suits, or judgments under such Bonds;
> 2.3   Expenses paid or incurred in procuring or attempting to procure release from liability under its Bond by Surety;
> 2.4   Expenses incurred in recovering or attempting to recover losses or expenses paid or incurred;
> 2.5   Attorney's fees and all legal expenses related to any items herein, including in-house attorney's fees, costs and expenses; investigation, accounting or engineering service.

(Doc. 150, Exhibit I, p. 14.)  Additionally, the Indemnitors agreed to give ACIC the sole discretion to determine if any claims under any Bond shall be paid.  *Id*. at § 3.1.

The Indemnitors concur that the Agreement is valid and enforceable to the extent ACIC paid $24,422.56 for the debts of KCI.  (Doc. 153, p. 5.) Because they have already paid $10,000, the Indemnitors do not dispute the fact that they owe $14,422.56 to ACIC as this amount represents claims asserted by third persons which give rise to the Indemnitee's rights of

enforcement. *Id.* However, the Indemnitors contend that ACIC is not entitled to reimbursement of the $25,000 paid to the City since no judgment has been rendered against it for this amount. *Id.* Citing to Ala. Code § 8-3-42(a)(1), the Indemnitors contend that Alabama law allows for summary judgment against a principal when a judgment has been obtained against a surety which has been satisfied, either wholly or in part, for the amount paid and interest. (Doc. 153, p. 5.) They argue that since there has been no judgment entered against ACIC or KCI for any sums allegedly owed to the City, they should not be obligated to indemnify ACIC for its decision to settle the City's claims. In his deposition, Humphries Kelley testified that he was aware of ACIC's settlement with the City, but he stated, "You-all decided you wanted to settle and give them $25,000, so that's you-all's decision to do that . . . it's not my responsibility on that and I'm not going to take responsibility for it." (Doc. 153, Exhibit 1, p. 333.) However, the Indemnity Agreement simply does not require that there be an adjudication of liability in order for the principals, KCI and the Kelleys, to be liable to ACIC for the payment of a settlement to the City.

Under the Agreement, it is enough that a demand for payment is made and ACIC pays any sum in either partial or complete payment of such a demand. (Doc. 150-4, p. 14.) It is clear that the City made a demand for payment under both the performance and payment bonds. Furthermore, ACIC pledged its assets for payment of claims made against the bonds naming KCI as principal, and it retained the right to determine whether those claims were valid. *Id*. ACIC correctly points out:

> In a typical scenario, a principal/indemnitor, like KCI, would never agree it had liability to the owner for a performance bond claim, as the principal tends to believe they performed on the project correctly, and any problems/delays were the fault of others. The surety, who has a more independent role, has an interest in not paying individual claims, but if a claim has arguable merit, the surety contracts to minimize its exposure, and ultimately the exposure of the indemnitors.

(Doc. 155, p. 4 (footnotes omitted).) Under Alabama law, "[a] person legally liable for damages who is entitled to indemnity may settle the claim and recover over against the indemnitor, even though he has not been compelled by judgment to pay the loss." *Stone Bldg. Co. v. Star Elec. Contractors, Inc.*, 796 So. 2d 1076, 1090 (Ala. 2000) (quoting 41 Am. Jur. 2d *Indemnity* § 46 (1995) (footnotes omitted)). In order to recover from the

indemnitor, the indemnitee settling the claim must show: (1) that the indemnitor was legally liable and (2) that the settlement was reasonable. *Id*. Where an indemnitor has notice of the claim and refuses to defend against it, "the indemnitor is bound by any good faith reasonable settlement, and the indemnitee need only show potential liability." *Id*.; *see also FabArc Steel Supply, Inc. v. Composite Const. Systems, Inc.*, 914 So. 2d 344, 356 (Ala. 2005); *Peerless Landfill Co., Inc. v. Haleyville Solid Waste Disposal Authority*, 2006 WL 1196038, at *4 (Ala. Civ. App. May 5, 2006).

ACIC notes that the City asserted a claim against it in excess of $80,000. ACIC had to employ counsel and defend itself in this suit against the performance bond claim made by the City. ACIC contends that it investigated the City's claim and "diligently sought to prosecute this action to a conclusion." (Doc. 155, p. 4.) Once a claim for payment was made by the City, the terms of the Agreement were triggered, ACIC had the right to settle the City's claims, and the Indemnitors were obligated by the Agreement to indemnify ACIC for the settlement. The Indemnitors had notice of the City's claims as they were asserted as part of the instant action. The Indemnitors were, at a minimum, potentially liable for the

City's claims, and the evidence supports the conclusion that ACIC's settlement is reasonable and was made in good faith. Therefore, the Indemnitors are liable to ACIC for $24,422.56 representing the payments made to subcontractors and suppliers on the project less the $10,000 already paid, as well as the $25,000 representing the settlement ACIC paid to the City for its claims under the performance and payment bonds.

The parties agree that ACIC is entitled to reasonable attorneys' fees and costs in defending the Bond claims and for the pursuit of indemnification. ACIC claims that to date, it has incurred $58,729.37 in attorneys' fees in connection with the claims and demands against the Bonds and in prosecuting this action. The Indemnitors contend that it is premature to award legal fees to ACIC by summary judgment because there has been no adjudication that KCI breached its contract with the City; therefore, they argue that there has yet to be any loss or liability with regards to the City's claims which are subject to indemnification by KCI or the Kelleys. However, the parties are bound by the Agreement, which does not require an adjudication of liability in order for ACIC to be entitled to indemnification from the principals in this case. Upon review of the affidavits and records

presented by ACIC, the Court is of the opinion that the attorneys' fees and expenses claimed by it are reasonable. Therefore, ACIC is entitled to $58,729.37 in attorneys' fees and costs.

V.   Conclusion.

For the reasons stated above, ACIC's Motion for Summary Judgment (Doc. 150) is due to be GRANTED. Judgment is entered against KCI, Humphries Kelley, and Mary Ann Kelley, jointly and severally (Doc. 150, Exhibit I, p. 16), in the amount of $98,151.93. A separate order in conformity with this opinion will be entered.

Done this <u>6th</u> day of <u>November 2006</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153